**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-03766 JAK (CWx) | Date | August 2, 2012 |
| Title | U.S. Bank National Association v. Amelia Rivera Rana | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Dkt. 8)  JS-6**

On April 26, 2012, Plaintiff U.S. Bank National Association filed an unlawful detainer action against Defendant Amelia Rivera Rana in the Superior Court, seeking possession of the property located at 5317 Sierra Villa Dr., Los Angeles, California. Compl. ¶ 1, Notice of Removal, Dkt. 1. On May 1, 2012, Defendant removed the action to this Court.

On June 8, 2012, Plaintiff moved to remand the action to state court. Dkt. 8. Plaintiff argues that the Court lacks subject matter jurisdiction over this action. Plaintiff's motion to remand is scheduled for hearing on August 6, 2012. Defendant has filed no opposition to Plaintiff's motion.[1] The Court has reviewed the parties' submissions and finds this matter appropriate for decision without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15. Accordingly, the Court takes the August 6, 2012 hearing off calendar and issues this Order.

Defendant, as the removing party, bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Defendant argues that this Court enjoys subject matter jurisdiction over this action based on both federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

---

[1] Defendant's failure to oppose Plaintiff's motion is an independent, sufficient basis on which to grant Plaintiff's motion to remand. *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Defendant's opposition was due on July 16, 2012, 21 days prior to the hearing. *See* L.R. 7-9.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03766 JAK (CWx) | Date | August 2, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Amelia Rivera Rana | | |

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's complaint does not raise a federal question; it is solely an action for unlawful detainer under California state law. Defendant argues that a federal question exists "surrounding the construction of the Pooling and Services Agreement of the Citigroup Mortgage Loan Trust 2007-AR7," and that this action implicates Defendant's "due process rights guaranteed by the Fourteenth Amendment to the United States Constitution arising from property interests and unlawful foreclosure by Plaintiff . . . ." Notice of Removal ¶¶ 11-12, Dkt. 1. However, although Defendant purports to raise certain arguments concerning federal law, "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). "[T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Thus, because Plaintiff's complaint raises issues only under state law, federal question jurisdiction does not exist.

Diversity jurisdiction exists only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A defendant that is a citizen of the state where the action is brought cannot remove to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). Defendant alleges that Plaintiff "is not a citizen of California," and that Defendant is a California citizen. Notice of Removal ¶¶ 4-5, Dkt. 1. However, this conclusory statement regarding Plaintiff's citizenship is insufficient to establish that Plaintiff is not a citizen of California. Further, because this action was brought in California state court, and because Defendant pleads that she is a California citizen, Defendant may not remove based on diversity jurisdiction. Additionally, Plaintiff's unlawful detainer complaint specifically limits damages sought to below $10,000. Compl., p.1, Notice of Removal, Dkt. 1. For these three independent reasons, Defendant may not remove this action based on diversity jurisdiction.

In her notice of removal, Defendant also seeks to consolidate this action with an existing action pending in federal court, *Amelia Rana v. MCIG Capital Corp. et al.*, LA CV12-02110 (C.D. Cal. filed March 13, 2012). However, consolidation under Federal Rule of Civil Procedure 42 applies only "to cases that are properly before the same court." *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972). Because the Court lacks subject matter jurisdiction over this action, it may not consider this action, *see Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); thus, this action is not properly before this Court and cannot be consolidated with *Rana v. MCIG Capital Corp. See also U.S. Bank N.A. v. Tyler*, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) ("[T]he court must consider whether it has subject matter jurisdiction over the removed unlawful detainer action before it can consider whether the unlawful detainer action should be consolidated with the related wrongful foreclosure action.").

The party seeking to establish the Court's jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. For the above-stated reasons, Defendant has failed to establish that this Court enjoys either diversity or federal question jurisdiction over this action. Thus, Plaintiff's motion to remand is GRANTED. This action is REMANDED to the Superior Court of California, County of Los

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-03766 JAK (CWx) | Date | August 2, 2012 |
|---|---|---|---|
| Title | U.S. Bank National Association v. Amelia Rivera Rana | | |

Angeles, Central District, No. 12U05352. The August 6, 2012 hearing is vacated. No appearance by either party or their counsel is required. Plaintiff shall provide Defendant with notice of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |